**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 18-3711

PETER BROWNSTEIN,
Appellant

v.

TINA LINDSAY; ETHNIC TECHNOLOGIES, LLC

On Appeal from the United States District Court
for the District of New Jersey
(No. 3-10-cv-1581)
District Judge: Hon. Freda L. Wolfson

Argued November 20, 2019

Before: CHAGARES, MATEY, and FUENTES, *Circuit Judges*

(Opinion filed:  May 18, 2020)

Jay R. McDaniel [ARGUED]
Weiner Law Group
629 Parsippany Road
Parsippany, NJ 07054
        *Counsel for Appellant*

Jesse C. Klaproth [ARGUED]
Klaproth Law
Suite 800
1500 Walnut Street
Philadelphia, PA 19102
        *Counsel for Appellees*

---

OPINION[*]

---

MATEY, *Circuit Judge.*

Innovators have long recognized that "[m]any ideas grow better when transplanted into another mind than in the one where they sprang up." Oliver Wendell Holmes, Sr., *The Breakfast Table Series: The Poet at the Breakfast Table* 146 (1900). So the law encourages collaboration and rewards authors of a joint work with the benefits of joint ownership. Peter Brownstein seeks a declaration of joint ownership in a computer program he developed with Tina Lindsay and an accounting of profits. The District Court granted summary judgment to Lindsay and her company, Ethnic Technologies ("E-Tech"), seeing no proof of Brownstein's role. We will affirm.

## I. BACKGROUND

In 1993, Lindsay began compiling a set of rules in order to "predict" a person's ethnicity. *Brownstein v. Lindsay*, 742 F.3d 55, 59 (3d Cir. 2014). She knew the concept had value given her employment at List Services Direct, Inc., a direct-marketing company that sold customer lists. *Id.* at 58–59. So she enlisted Brownstein, a fellow List Services employee, to transform her rules into a computer program. *Id.* at 59. Lindsay's rules were known as the Ethnic Determinate System ("EDS"), and Brownstein's computer code was

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

called "ETHN." *Id.* Together, EDS and ETHN became the Lindsay Cultural Identification Determinate ("LCID"). *Id.*

In 1996, List Services asserted ownership of the LCID, prompting Lindsay and Brownstein to leave the company in June 1997. *Id.* at 60. List Services, Lindsay, and Brownstein later signed a Settlement Agreement in which Lindsay and Brownstein "agree[d] not to claim ownership or any other rights" to "a certain computer program concerning ethnic selections" that List Services was "presently using," and List Services "disclaim[ed] any ownership to EDS." (App. at 317–18.) Years later, things soured between Lindsay and Brownstein, and they parted ways. *Brownstein*, 742 F.3d at 61.

In 2010, Brownstein filed this lawsuit, seeking a declaration that he is co-owner of the LCID and an accounting of any profits Lindsay and E-Tech earned from the program after May 2010. *Id.* at 61–62. The case proceeded to trial and, at the close of Brownstein's evidence, the District Court granted judgment as a matter of law to the defendants. The District Court held that Brownstein's claims were barred by the statute of limitations and, in any event, that Brownstein lacked evidence showing his co-authorship of the LCID. *Id.* at 62–63. We reversed on appeal, holding that the accrual date of Brownstein's claims was a jury question. *Id.* at 69–75. And we relied on an oral argument concession by defendants' counsel "that Brownstein and Lindsay were co-authors of the LCID up until its 1997 iteration" to remand for further factual development of the co-authorship issue.[1] *Id.* at 65, 77.

---

[1] We also reversed an order by the District Court that cancelled certain copyright registrations. *Brownstein*, 742 F.3d at 58, 63, 77. That issue is not relevant to this appeal.

On remand, Brownstein filed an amended complaint, which Lindsay and E-Tech then moved to dismiss. After converting that motion into a motion for summary judgment, the District Court held that the Settlement Agreement extinguished Lindsay and Brownstein's rights to all pre-Settlement-Agreement versions of the LCID. (App. at 26.) The District Court then described the "operative question" as whether post-Settlement-Agreement versions of the LCID "continued to use [Brownstein]'s computer code." (App. at 26.) Although Brownstein submitted an affidavit describing his work on the LCID, and copies of text purporting to be relevant computer code, the District Court rejected the affidavit as "conclusory" and the code as "not self-evident." (App. at 29.) For those reasons, the court found that Brownstein failed to sustain his burden of production, and again granted summary judgment to the defendants. This timely appeal followed.[2]

## II. DISCUSSION

Brownstein raises three issues on appeal. First, he argues that the District Court erroneously interpreted the Settlement Agreement as "sever[ing]" or "deconstruct[ing]" the LCID, (Opening Br. at 28–29), in contravention of established copyright principles, and that defendants' continued use of Lindsay's rules, by itself, entitles him to compensation.

It is true that "[t]he authors of a joint work are co[-]owners of copyright in the work," 17 U.S.C. § 201(a), and that each joint author acquires "an undivided ownership in the entire work, including all the contributions contained therein." Nimmer on Copyright

_____

[2] The District Court had jurisdiction under 28 U.S.C. §§ 1331, 1338, and 1367. We have jurisdiction under 28 U.S.C. § 1291, and again exercise plenary review over the District Court's grant of summary judgment. *Brownstein*, 742 F.3d at 64.

4

§ 6.03 (2019); s*ee* 17 U.S.C. § 101 ("A 'joint work' is a work prepared by two or more authors with the intention that their contributions be merged into *inseparable* or *interdependent* parts of a *unitary* whole." (emphasis added)). But as we previously noted, the EDS was an "independent work," of which Lindsay was the "sole author." *Brownstein*, 742 F.3d at 59. And merely using the EDS in the LCID did not affect Lindsay's ownership of her rules, nor give Brownstein any rights in them. *Cf. Greene v. Ablon*, 794 F.3d 133, 153 (1st Cir. 2015) (noting that a work "may be both joint and derivative, with [the original work's author] owning the copyright in the underlying work . . . and co-owning the copyright in the derivative work"). So the District Court did not split the joint-work atom; instead, it correctly interpreted the Settlement Agreement as abrogating *both* parties' interest in the LCID. And it was not improperly depriving Brownstein of any rights in the EDS, since he had none to begin with.

Second, Brownstein argues that the Settlement Agreement did not *transfer* any copyrights, but merely evidenced the parties' decision to "waive[] any rights of enforcement they might have had" against the other. (Opening Br. at 43.) But this argument ignores language in the Settlement Agreement acknowledging that List Services and its executives were the "sole *owner(s)*" of "a certain computer program concerning ethnic selections" that List Services was "presently using." (App. at 317–18) (emphasis added). Lindsay and Brownstein weren't agreeing to cooperatively share the pre-Settlement-Agreement LCID with List Services; they were recognizing they no longer "owne[d]" any of it, including its copyrights.

Third, and finally, Brownstein argues that the District Court ignored evidence of his post-Settlement-Agreement authorship contribution to the LCID. We need not address this issue, since even if Brownstein co-authored some post-Settlement-Agreement version of the LCID, he has failed to demonstrate that Lindsay and E-Tech profited from that version, or a derivative thereof, in May 2010 or afterward. His complaint concedes that any code he authored was "phased out" of defendants' programs long ago. (App. at 231.) As noted above, he never had any rights in the EDS itself, so continued use of those rules entitles him to nothing. And he does not otherwise explain, or offer evidence to show, how defendants' post-May-2010 product was derivative of any earlier one.

### III. CONCLUSION

As we noted in our previous opinion, Brownstein could prevail only if he demonstrated that defendants profited either from a work he jointly authored, or from a derivative. *Brownstein*, 742 F.3d at 67–68. Because he has done neither, his claims fail. We will therefore affirm the District Court's grant of summary judgment.

6